HOLCOMB, BEALS, and GERAGHTY, JJ., dissent.
By complaint of April 3, 1933, in a proceeding instituted by it, the department of public works challenged the reasonableness of the rates and *Page 106 
charges made by Puget Sound Power Light Company for supplying the city of Port Angeles with electric energy under the terms of a contract between the power company and the city. The city and the power company were made parties defendant by the department, which alleged:
"That the rates and prices upon which said electric current and energy has been and is furnished to the said city under said ordinance, schedules, rates, agreements and contracts are excessively and unreasonably high and, as compared with contracts, rates and schedules between the said respondent, Puget Sound Power Light Company, and other towns, cities, companies and consumers, hereinbefore mentioned, are highly discriminatory, unjust and unfair."
The prayer of the department's complaint reads as follows:
"Wherefore, and because of the matter hereinbefore alleged, a hearing of the above and foregoing complaint and allegations thereof will be set, the time and place hereafter to be determined, at which time and place evidence may be introduced by all parties hereto to the end that a proper schedule of rates be determined, adopted and enforced for the transmission and delivery of electric power to the said respondent, City of Port Angeles, and for such purpose a valuation of the plant of therespondent, Puget Sound Power Light Company, arrived at andevidence thereof and such other matters as may be material may beintroduced by all parties hereto and will be accepted and heardby the department of public works." (Italics ours.)
That is, the rates of the power company were challenged as "excessively and unreasonably high" and "highly discriminatory, unjust and unfair" as compared with rates charged by the company to other towns, cities, companies and consumers. On April 25, 1933, the department entered an ex parte order, in *Page 107 
which it is recited that the determination made in the order was on its own motion, and directed that its complaint be amended by striking therefrom that portion of the prayer which we have shown above in italics. The basis of the order, according to a recital therein, is
". . . that the questions involved in the present case do not require a valuation of the property of the Puget Sound Power 
Light Company, and that such a valuation will unnecessarily delay the hearing and determination of this case."
The matter was heard by the department for three consecutive days of May, 1933. No evidence was offered by the power company. Its motion to dismiss was denied, and its demurrer to the complaint was overruled. The power company insisted that there was a failure of proof to sustain the department's allegations that the rates are excessive or unjustly discriminatory; that it was entitled to present proof of the elements of fair value of its property used and useful in furnishing service to the public for hire, including the city of Port Angeles; that the evidence shows that the company is not making a reasonable return upon the fair value of its property used and useful in providing electric service to the public; and that any reduction in the rates of the contract between the company and the city of Port Angeles will result in the confiscation of the company's property. On July 10, 1933, the department entered its findings of fact, opinion and order. The findings and opinion recite:
"The Board finds that the rates charged under the Port Angeles contracts are unreasonable and discriminatory, and entirely out of line with the rates charged other customers for like service under the same or substantially similar circumstances and conditions. The Board further finds that the rates named in the *Page 108 
Sumas, Blaine, Ellensburg, optional, proposed Puyallup and Northwestern Improvement Company contract (less the 5 per cent discount) when applied to the services at Port Angeles would bring the charge therefor in line with the rates charged other customers for such service. . . .
"The Board used the company's book figures as shown in its annual reports filed with the Department over the period of the last 20 years to arrive at the valuation of the company's property and its revenues and operating expenses and rate of return. For the purposes of this proceeding it took these figures at their face value. As shown thereby the company earned a return for 1932, after expenses, depreciation and taxes of 4.64 per cent on the full undepreciated book value of its property. . . . It is the Board's opinion, and it so finds, that under present economic conditions such a rate of return upon the full undepreciated book value of the company's property is just, fair, reasonable and sufficient. It is more than ample to meet all interest and bond requirements, and to leave a fair margin of security.
"The effect of eliminating the discrimination in the rates under the Port Angeles contracts by applying thereto the rate in the Blaine and Sumas and similar contracts . . . would have the temporary effect of decreasing the company's rate of return by approximately one fiftieth of one per cent, and would still leave that rate of return under present economic conditions just, fair, reasonable and sufficient. . . .
"The Board finds that the rates, under the original 1913 Olympic Power Company contract, as well as in the 1929 water heating contract supplemental thereto, are excessively and unreasonably high, and unjust, unfair and discriminatory when compared to rates made others for like service under substantially similar circumstances and conditions, and that said contracts in so far as said rates are concerned should be vacated, terminated, set aside and held for naught, and just, fair, reasonable and sufficient rates established and approved in lieu thereof. The Board further finds that the rates for like service under substantially similar *Page 109 
circumstances and conditions as set forth in the Blaine and Sumas contracts constitute just, fair, reasonable and sufficient rates to be charged by the company to the city for the service rendered by the company to the city."
The department's order directs that the power company charge Port Angeles the same rates as those charged by the company in Blaine and Sumas. That order reads, in part, as follows:
"The rates charged the city of Port Angeles under the original 1913 Olympic Power Company contract, now held by the Puget Sound Power Light Company, and under the 1929 water heating contract supplemental thereto, be and the same are hereby vacated, . . . and,
"IT IS FURTHER ORDERED that just, fair, reasonable and sufficient rates to be substituted in lieu thereof are the rates specified in the contracts between the Puget Sound Power Light Company and the cities of Blaine and Sumas, . . ."
That is, the department, which made no attempt to value the company's property, either as a whole or as used for this particular service, found that the Port Angeles contract rates were unreasonable and discriminatory as compared with the Blaine and Sumas rates. The department did not find that the Blaine-Sumas rates were sufficient or insufficient.
A review, at the instance of the power company, in the superior court for Thurston county of the findings and order of the department resulted in entry of a judgment setting aside the department's order. The trial court expressed the view
". . . that the order of the Department is not based upon record facts sufficient to sustain it. It is insisted by counsel for the Department and the city that the order is based upon discrimination and not on an unduly high return on investment. The order reduces to the Sumas-Blaine rate without finding that *Page 110 
the rates last mentioned are sufficient and without proper comparison."
The department of public works and the city of Port Angeles have appealed.
[1] We are familiar with the rule invoked by appellants that, on review of an order of the department, the findings of fact made by the department shall be prima facie correct.
"Whenever the commission has issued or promulgated any order or rule, in any writ of review brought by a public service company to determine the reasonableness of such order or rule, the findings of fact made by the commission shall be prima facie correct, and the burden shall be upon said public service company to establish the order or rule to be unreasonable or unlawful." Rem. Rev. Stat., § 10449 [P.C. § 5627].
Nor are we unmindful of the authorities, from two of which we quote as follows, cited by counsel for appellants in support of the rule:
"Its findings and conclusions should, therefore, be given the weight accorded to any impartial tribunal, and should be overturned only when the clear weight of the evidence is against its conclusion, or when it mistakes the law applicable to the matters adjudicated by it." Pacific Coast Elevator Co. v.Department of Public Works, 130 Wn. 620 (631), 228 P. 1022.
"In determining the question, the courts are empowered to inquire, first, whether the facts as found by the department are sufficient, in themselves, to justify its order, and, second, if it finds that they are thus sufficient, to inquire whether there is any substantial evidence on which the findings can be based."Great Northern R. Co. v. Department of Public Works, 161 Wn. 29
(32), 296 P. 142.
In other words, the facts found must be sufficient to justify the order of the department, and there must also be substantial evidence to sustain the findings. On review of the department's order, the insufficiency *Page 111 
of the evidence to sustain the findings could not be supplied by the statutory presumption of the correctness of the findings.
"The company was not permitted to offer additional testimony for the purpose of establishing its defense, since the statute declared that the validity of the order was to be determined by the court on what had been proved before the Commission. The burden was on the Commission to establish the allegations in the complaint. That body, as well as the carrier, was charged with notice that the reasonableness of the order was to be determined by what appeared at the hearing before it. The insufficiency of the evidence submitted to the Commission could not under this statute be supplied on the judicial review by a presumption arising from the failure of the carrier to disprove what had not been established." Oregon R.R. N. Co. v. Fairchild,224 U.S. 510 (533), 32 S.Ct. 535.
[2] The facts found by the department are not sufficient to justify the order of the department. The statute provides that, whenever the department undertakes to make a change in rates because of discrimination, it must find that the existing rates are unjustly discriminatory, and the department is then required to fix reasonable rates by finding and order.
"Whenever the commission shall find, after a hearing had upon its own motion, or upon complaint as herein provided, that the rates or charges demanded, exacted, charged or collected by any gas company, electrical company or water company, for gas, electricity or water, or in connection therewith, or that the rules, regulations, practices or contracts affecting such rates or charges are unjust, unreasonable, unjustly discriminatory or unduly preferential, or in any wise in violation of the provisions of the law, or that such rates or charges are insufficient to yield a reasonable compensation for the service rendered, the commission shall determine the just, reasonable, or sufficient rates, charges, regulations, practices or contracts to be thereafter observed and in force, and shall fix the same by *Page 112 
order, as hereinafter provided." Rem. Rev. Stat., § 10390 [P.C. § 5581].
A mere rate difference does not constitute an unlawful discrimination. There is no finding, nor is there any evidence, that the Blaine, Sumas or any other rate is just, fair, reasonable or sufficient. The department did not find that the Port Angeles rate is unreasonable except by comparison of same to the Blaine-Sumas rate. The two assumptions — the existing Port Angeles rate is unreasonable, and the Blaine-Sumas rate is a reasonable one to be applied at Port Angeles — are not sustained by the evidence. The following testimony of one of the department's witnesses is the evidence on which it is clear the chief engineer of the department based his opinion, and there is no stronger evidence before us to support the findings of the department:
"Q. What else have you? Do you have anything else that supports your claim of discrimination, or your opinion that discrimination exists, other than your exhibits and your testimony? A. That is all. Q. You are basing it solely on that? A. Yes, sir. Q. Did I understand you to say that this discrimination should be eliminated by applying the Blaine rate to Port Angeles? A. No, sir, you didn't understand me to say that; I didn't say that. Q. What is your opinion on that? A. My opinion is that the rate should be equal; conditions are such that I think the rate should be equal. Q. And do I understand then from that answer that they might be equalized by raising the Blaine rate to the Port Angeles rate instead of reducing the Port Angeles rate to the Blaine rate? A. That is exactly what I avoided answering. Q. That is what I wanted to know. A. Because I would not set myself up as capable in the survey I have made, from the examination, of fixing a fair rate. Q. In other words you are unable to express an opinion now as to whether the rate applied at Port Angeles should be the Blaine rate or whether the Blaine rate should be *Page 113 
applied at Port Angeles, or whether the Port Angeles rate should be applied to Blaine? A. Exactly."
The order of the department is based upon a finding made upon evidence which clearly does not support it. There is no evidence to justify a finding that the Blaine-Sumas rate is just, fair, reasonable and sufficient; hence, the finding that the Port Angeles rates were unreasonable and discriminatory as compared to the Blaine-Sumas rate does not justify the order of the department. As the trial court aptly observed,
"The order reduces to the Sumas-Blaine rate without finding that the rates last mentioned are sufficient and without proper comparison."
See Mountain States Tel. Tel. Co. v. Public UtilitiesCommission of Utah, 8 F. Supp. 307.
The judgment is affirmed.
MAIN, MITCHELL, TOLMAN, STEINERT, and BLAKE, J.J., concur.