[No. 27813. Department Two. August 9, 1940.]

THE STATE OF WASHINGTON, on the Relation of Oregon-Washington Railroad & Navigation Company et al., Appellants, v. WALLA WALLA COUNTY et al., Respondents.[1]

[1]Reported in 104 P. (2d) 764.

96

*Roy F. Shields, L. W. Hobbs, Hamblen, Gilbert & Brooke,* and *Hayden, Merritt, Summers & Bucey,* for appellants.

*Glenn L. Bean* and *Cameron Sherwood,* for respondents Walla Walla County *et al.*

*The Attorney General* and *Don Cary Smith, Assistant (Will M. Derig,* of counsel), for respondent Department of Public Service.

BEALS, J.—During the month of June, 1938, the commissioners of Walla Walla county filed with the department of public service their petition asking the department's consent to the construction and maintenance of a grade crossing over the main line of rail-

road of the Oregon-Washington Railroad & Navigation Company (hereinafter referred to as the company), the track being under lease to Union Pacific Railroad Company, for the "Port Kelly road," a highway which it was proposed to construct. In the petition, it was alleged that the company's railroad is a common carrier; that the estimated traffic thereon amounted to six trains per day; that neither an over- nor under-crossing was justified because of the expense.

The company and its lessee appeared before the department, denying the material allegations of the petition, alleging the hazard of a grade crossing, and asking that the petition be denied. Walla Walla Grain Growers, Inc., a corporation (hereinafter referred to as Grain Growers), petitioned the department that leave be granted to establish the grade crossing, in accordance with the plan of the commissioners. The company answered the Grain Growers' petition, asking that the same be stricken, and also denying the material allegations thereof.

The matter came on for hearing, and after the introduction of considerable evidence, the department, September 3, 1938, filed its findings of fact and an order granting the petition of the commissioners for the establishment of a crossing at grade. The departmental order provided that, if future conditions warranted, the case might be reopened for the purpose of considering the establishment of a subsurface or over-crossing.

The company and its lessee filed in the superior court for Walla Walla county their petition for writ of review of the findings and order. The matter was thereafter submitted to the court upon the record, supplemented by oral and written argument. The trial court overruled the objections of the railroads and entered a

judgment affirming the departmental order. From this judgment, the railroads have appealed.

Error is assigned upon the overruling of appellants' objections to several findings of fact made by the department, appellants also contending that the court erred in overruling their objections to the departmental order granting the application of the county commissioners; upon the overruling of appellants' objection to that portion of the departmental order which provides that the matter may, in the future, be reopened for the purpose of considering the establishment of a crossing other than at grade. Finally, appellants contend that the trial court erred in overruling their objections to the departmental findings and order considered as a whole, and in entering judgment affirming the same.

Rem. Rev. Stat., § 10512 [P. C. § 5639], reads in part as follows:

"All highways and extensions of highways hereafter laid out and constructed shall cross existing railroads by passing either over or under the same, when practicable, and shall in no instance cross any railroad at grade without authority first being obtained from the commission to do so."

Among the definitions contained in § 10511 [P. C. § 5638], it is provided that the word highway includes

". . . all state and county roads, streets, alleys, avenues, boulevards, parkways, and other public places actually open and in use, or to be opened and used, for travel by the public,"

while the term grade crossing is defined as

". . . any point or place where a railroad crosses a highway or a highway crosses a railroad or one railroad crosses another, at a common grade."

By Rem. Rev. Stat. (Sup.), § 10513 [P. C. § 5640] (Laws of 1937, chapter 22, p. 50, § 1), it is provided that

county commissioners desiring to construct a highway across any railroad at grade, shall file with the commission a petition stating the reasons why the crossing cannot be either above or below grade, and that if after a hearing it appears that a grade separation is not practicable, a grade crossing may be authorized.

In the first place, appellants contend that, from the evidence, it appears that the proposed highway will not be a public highway, but will constitute nothing more nor less than a private roadway leading from a state highway to a privately owned and operated warehouse. It is, of course, true that the county may not, at public expense, construct what is no more than a private road. Grain Growers is a cooperative association, owning land on the Columbia river and extending across the railroad to a state highway which parallels the railroad, and from which the new highway will extend to or very near the river. The railroad right-of-way runs through this tract of land. A grain warehouse or elevator has been constructed on the river, it being proposed to haul grain to the building by truck, and from the elevator load the grain on boats for further transportation by water. The proposed highway will be approximately eleven hundred feet long, about one-fifth being across the railroad right-of-way. Grain Growers has offered to donate the right-of-way across its land, the road, of course, to lead to its warehouse.

The proceedings leading up to the establishment of the road by the county commissioners appear to be entirely regular. Testimony before the department was introduced to the effect that considerable demand existed on the part of the public at large for the establishment of the road. If established, the road will be open to the public, and may be used by anyone. It also appears probable that, during the immediate future,

the road will be used largely by trucks carrying grain to the warehouse.

Supplementing the statutory definition of the word highway, the following definitions are of interest:

"A highway is a way open to the public at large, for travel or transportation, without distinction, discrimination, or restriction, except such as is incident to regulations calculated to secure to the general public the largest practical benefit therefrom and enjoyment thereof. Its prime essentials are the right of common enjoyment on the one hand and the duty of public maintenance on the other. It is the right of travel by all the world, and not the exercise of the right, which constitutes a way a public highway, and the actual amount of travel upon it is not material. If it is open to all who desire to use it, it is a public highway although it may accommodate only a limited portion of the public or even a single family or although it accommodates some individuals more than others." 25 Am. Jur. 339, § 2.

"Highways are public ways as contradistinguished from private ways. The distinguishing mark of a highway is that it must be opened generally to public use, as expressed in the English books, 'common to all the king's subjects,' although it is the right to travel upon a highway by all the world and not the exercise of the right which makes the way a highway. Its character is not determined by the number of persons who actually use it for passage; if it is open, it is immaterial that but few individuals are in a position to make use of it, or that one person is most benefited by it; and its character as a highway is not affected even by the fact that it furnishes access or egress to but a single property owner." 29 C. J. 366, § 1.

In the case of *State ex rel. Chicago, M. & P. S. R. Co. v. Public Service Commission,* 77 Wash. 529, 137 Pac. 1057, Ann. Cas. 1915D, 202, L. R. A. 1918B, 786, it was held that a railroad spur, intended primarily for the use of a single shipper, but available upon reasonable terms to the public at large, was a public use. In the

course of the opinion, this court quoted from the case of *Phillips v. Watson,* 63 Iowa 28, 18 N. W. 659, as follows:

" 'And we think that it makes no difference that the mine-owner may be the only member of the public who may have occasion to use the way after it has been established. The character of a way, whether it is public or private, is determined by the extent of the right to use it, and not by the extent to which that right is exercised. If all the people have the right to use it, it is a public way, although the number who have occasion to exercise the right is very small.' "

In the case of *State ex rel. Northern Pac. R. Co. v. Public Service Commission,* 95 Wash. 376, 163 Pac. 1143, 166 Pac. 793, in affirming an order of the commission, this court referred to its prior opinion, *supra,* using the following language:

"We do not wish to hold that the existence of a public necessity is determined by the number of people asking for the same. The case of *State ex rel. Chicago, Milwaukee & Puget Sound R. Co. v. Public Service Commission,* 77 Wash. 529, 137 Pac. 1057, is somewhat analogous to the present situation. Therein it was held that the character of way, whether public or private, is not determined by the extent of the use, and if all the people have a right to use it, no matter if but one person asks for its construction, it is a public way."

The county commissioners having by appropriate proceedings established the road in question, we hold that the proposed road will be a highway within the scope of the statute, and that the trial court did not err in so holding.

Appellants argue that the departmental findings of fact and order are not supported by the evidence, and for this reason the trial court erred in affirming the same.

Rem. Rev. Stat. (Sup.), § 10523 [P. C. § 5650] (Laws of 1937, chapter 22, p. 59, § 6), reads as follows:

"Upon the petition of any party to a proceeding before the commission, any finding or findings or order or orders of the commission, made under color of authority of this act, except as otherwise provided, may be reviewed in the superior court of the county wherein the crossing is situated, and the reasonableness and lawfulness of such finding or findings, order or orders inquired into and determined, as provided in the Public Service Commission Law for the review of findings and orders made under that act. An appeal may be taken to the supreme court from the judgment of the superior court in like manner as provided in said public service commission law for appeals to the supreme court."

Under this section, the court is authorized to review "the reasonableness and lawfulness" of the findings and order of the department.

By Rem. Rev. Stat., § 10449 [P. C. § 5627], it is provided that on review of any order before the superior court

". . . the findings of fact made by the commission shall be prima facie correct, and the burden shall be upon said public service company to establish the order or rule to be unreasonable or unlawful."

Appellants cite several of our decisions in support of their argument that the record must contain substantial evidence in support of the departmental order. This principle is well established. Concerning this question, in the case of *State ex rel. Puget Sound P. & L. Co. v. Department of Public Works*, 181 Wash. 105, 42 P. (2d) 424, we used the following language:

"In other words, the facts found must be sufficient to justify the order of the department, and there must also be substantial evidence to sustain the findings. On review of the department's order, the insufficiency of the evidence to sustain the findings could not be

supplied by the statutory presumption of the correctness of the findings."

Other cases in which this matter was discussed are *State ex rel. U. A. T. Co. v. Department of Public Works*, 129 Wash. 5, 223 Pac. 1048; *Great Northern R. Co. v. Department of Public Works*, 161 Wash. 29, 296 Pac. 142; *State ex rel. Winlock Water Co. v. Department of Public Works*, 180 Wash. 278, 39 P. (2d) 603.

In the case of *State ex rel. Great Northern R. Co. v. Railroad Commission*, 60 Wash. 218, 110 Pac. 1075, this court, in a lengthy opinion in which many matters were discussed, held that information obtained by individual members of the commission, by personal examination of premises, but not included in the evidence in the record, furnished no additional ground of support for the commission's order, which must stand or fall upon the written record. On this phase of the case, appellants argue that the findings of fact and the departmental order are not supported by the evidence and cannot be supported by facts known by the members of the department, concerning which the record is silent. It is true that grade crossings are prohibited by statute (§ 10512, *supra*), but the same statute vests in the department authority to authorize a grade crossing, if it be determined that, under all the circumstances of the case, such a crossing presents the best solution of an existing problem.

In the case of *State ex rel. Model Water & Light Co. v. Department of Public Service*, 199 Wash. 24, 90 P. (2d) 243, this court used the following language:

"The findings of the department are to be given the same weight accorded to any impartial tribunal, and may not be overturned unless the clear weight of the evidence is against its conclusions, or unless it has mistaken the law applicable to the matter adjudicated, or, as sometimes expressed, unless the findings show evi-

dence of arbitrariness and disregard of the material rights of the parties to the controversy."

Many other of our decisions are based upon this rule. ██ It needs no argument to demonstrate that the crossing of a railroad by a highway at grade is dangerous and generally undesirable. The policy of the law is against the allowance of such crossings. If, however, the department enters an order allowing such a crossing, such an order will be reviewed by the courts upon the same basis as any other order; and if, after careful consideration of the evidence, the court is convinced that, under all the circumstances, the order is supported by competent evidence in the record and bears no "evidence of having been arbitrarily reached and without a full and due consideration of all the controlling facts," (*State ex rel. Winlock Water Co. v. Department of Public Works, supra*) the departmental order will be affirmed by the courts.

The county commissioners were, of course, familiar with the physical site of the proposed crossing. They testified at the hearing before the department, stating their views, which were not entirely in accord. The opinion evidence is conflicting. We agree with the trial court in holding that the record sustains the findings of the department and the order entered pursuant thereto. If any member of the department was influenced by knowledge which he acquired independently of the evidence, such influence is not disclosed by the record.

In this connection, we have examined the several findings of which appellants complain, and we find none which is not adequately supported by competent evidence.

Appellants object to a departmental finding as follows:

"In the event a port district is established by Walla Walla county at said site, or in the event the traffic at said crossing assumes such proportions as to warrant the same, this case may be reopened upon the application of any interested party for the purpose of considering the establishment of an undercrossing, overcrossing, or safer grade crossing."

In this connection, appellants argue that the department was without authority to reserve jurisdiction of the matter for possible future action.

By Rem. Rev. Stat., § 10432 [P. C. § 5617], it is provided that

"The commission may at any time, upon notice to the public service company affected, and after opportunity to be heard as provided in the case of complaints rescind, alter or amend any order or rule made, issued or promulgated by it, and any order or rule rescinding, altering or amending any prior order or rule shall, when served upon the public service company affected, have the same effect as herein provided for original orders and rules."

Under the law, the department has the right to change its orders, upon due notice to interested parties. This being true, the inclusion of the above finding is immaterial. *State ex rel. American Telechronometer Co. v. Baker,* 164 Wash. 483, 2 P. (2d) 1099.

The record clearly shows that appellants' contention that the department was without jurisdiction in this matter, is without merit. The department acquired and retained jurisdiction, and it cannot be held that the trial court erred in approving the departmental findings of fact and the order which the department entered pursuant thereto.

The judgment appealed from is affirmed.

BLAKE, C. J., STEINERT, and JEFFERS, JJ., concur.