130 P.3d 423 (2006)
132 Wash.App. 149
Ronald and Susan BUNNELL, husband and wife; Robert and Jeanne Blahut, husband and wife; Jerome and Jacquie Kovatovich, husband and wife; Allan and Joanne Pfiffner, husband and wife; Ken and Karen Pitman, husband and wife; Fred and Tanya Muller, husband and wife; Paula Mauldin, a single person; Dan and Heidi DeVriend, husband and wife, Respondents,
v.
Jan BLAIR and Gail Blair, husband and wife, Appellants.
No. 23665-0-III.
Court of Appeals of Washington, Division 3.
March 21, 2006.
Reconsideration Denied April 26, 2006.
*424 D. Wayne Campbell, Attorney at Law, Benton City, WA, for Appellants.
Patrick Craig Walker, Walker & Heye PLLC, Richland, WA, for Respondents.
BROWN, J.
¶ 1 In their appeal, Jan and Gail Blair contend a contested access easement was public not private as decided by the trial court on partial summary judgment favoring Ronald and Susan Bunnell.[1] The Blairs contend the trial court erred because the relevant plat maps omitted the language "private easement," the roads have been publicly used for over 10 years, and the order leaves their property landlocked. We decide the Bunnells have met their summary judgment standard, and affirm.

FACTS
¶ 2 Harold and Geraldine Little owned land along the Yakima River in Benton County. The Littles sold the property to Russell and Marsha Murkowski in 1980. The Littles retained the eastern portion of the property and reserved an easement over the western portion for access (Little Easement).
¶ 3 About a year later, the Littles sold the eastern portion to the Blairs. In 1982, the Murkowskis subdivided their lot into three short plats; 1280, 1281, and 1282. They created easements for access roads across the lots to the nearest county road, Hess Road. The county initially called the easements Perkins Road and later Private Road (PR) 134. According to the Murkowskis and their surveyor, PR 134 was intended for the private use of the property owners on the sub-plats.
¶ 4 The Murkowskis instructed the land surveyor, Robert Stratton, that the access roads would be private. As a result, Mr. Stratton noted on the plats, "Benton County will not construct nor maintain any access easement." Clerk's Papers (CP) at 181-83. Mr. Stratton did not provide a "Private Road Easement" notation on the plat maps. Mr. Stratton declared it was not until later that the county required such a notation. According to another surveyor, the then existing local custom did not require the added notation.
¶ 5 Benton County considered the easements to be private.
¶ 6 According to the Murkowskis, the Blairs declined to join in the road and bridge construction costs to develop the short-plat access easements. Further, in 1996 the Blairs declined to join with the short-plat *425 property owners when they entered into a road maintenance agreement for PR 134.
¶ 7 In 2003, Richard and Danielle Vice, property owners within Short Plat 1282, granted the Blairs an easement across their property, which connected to PR 134. The Blairs spent $15,000 improving the easement and connecting it to PR 134. This provided a shorter distance to Hess Road than did the Little Easement.
¶ 8 The Bunnells and other nearby property owners filed a complaint for declaratory judgment, injunction and damages against the Blairs.[2] The trial court granted partial summary judgment to the Bunnells, concluding "the access roads within Short Plats 1280, 1281, and 1282 . . . are private easements intended for the exclusive use and enjoyment of property owners residing within said short plats." CP at 35. After their motion for reconsideration was denied, the Blairs appealed.

ANALYSIS
¶ 9 The issue is whether the trial court erred by denying reconsideration of its partial summary judgment order holding PR 134 was a private road corresponding to the easements within Short Plats 1280, 1281, and 1282.
¶ 10 While orders denying reconsideration are reviewed for abuse of discretion, summary judgment orders are reviewed de novo. Jones v. Allstate Ins. Co., 146 Wash.2d 291, 300, 45 P.3d 1068 (2002). We perform the same inquiry as the trial court. Id. Summary judgment is appropriate only if the pleadings, affidavits, depositions, and admissions on file demonstrate the absence of any genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. CR 56(c).
¶ 11 The Blairs mainly contend the access roads within Short Plats 1280, 1281, and 1282, including PR 134, are not private because "Private Road Easement" was not labeled on the plat maps. RCW 58.17.030 states, "Every short subdivision as defined in this chapter shall comply with the provisions of any local regulation adopted pursuant to RCW 58.17.060."
¶ 12 Benton County Code (BCC) 9.04.034, which was adopted pursuant to chapter 58.17 RCW, requires all lots in a short plat to have a means of legal access to a county road; where access is served by a private easement, "the access shall be labeled on the plat map as `Private Road Easement,' and a statement placed on the plat that construction and maintenance responsibility for the easement is not Benton County's." CP at 149-50. Additionally, RCW 58.17.165 requires roads not dedicated to the public to be "clearly marked on the face of the plat."
¶ 13 Here, Short Plats 1280, 1281, and 1282 state on the face of the plats that "Benton County will not construct nor maintain access easement[s]." CP at 164-66. While the plat maps do not label the roads, "Private Road Easement," the original owners, the Murkowskis, and Mr. Stratton, the land surveyor, declared the roads were private. Mr. Stratton explained he did not mark roads "private" because he did not think this label was required in 1982 by the planning department. Although he noted his work corresponded to planning department requirements, Mr. Stratton's perception conflicts with BCC 9.04.034 because the label was required by the 1974 ordinance.
¶ 14 Nevertheless, Richard Rogers, another licensed surveyor in Benton County declared it was not the practice in the early 1980s to include the "Private Road Easement" label. Mr. Rogers provided copies of several other short plat maps lacking the same label on private easements.
¶ 15 Given the above, reasonable minds could reach but one conclusion, that a private road was intended from the outset and the private road requirements of BCC 9.04.034 *426 and RCW 58.17.165 have been satisfied. Notably, the Blairs' prior use and landlocked property contentions are partly dependant upon establishing the original intent to create a public rather than private road.
¶ 16 Relying on RCW 36.75.080, the Blairs contend the prior use of PR 134 demonstrates the road is public rather than private. RCW 36.75.080 provides, "All public highways in this state ... which have been used as public highways for a period of not less than ten years are county roads." Pertaining to this section, "highway" is defined as "every way, lane, road, street, boulevard, and every way or place in the state of Washington open as a matter of right to public vehicular travel." RCW 36.75.010(11). Above we decided PR 134 is not open as a matter of right to the public. Rather it is a private road not subject to the construction or maintenance of the county. Additionally, as correctly argued by the Bunnells, PR 134 is not dedicated for public use.
¶ 17 "A common law dedication is the designation of land, or an easement on such land, by the owner, for the use of the public, which has been accepted for use by or on behalf of the public." Richardson v. Cox, 108 Wash.App. 881, 890, 26 P.3d 970 (2001). The dedication may be either express or implied. Id. at 890-91, 26 P.3d 970. "The intent to dedicate property for public use is evidenced by presenting for filing a final plat or short plat that shows the dedication on its face." Id. at 891, 26 P.3d 970; see RCW 58.17.110 ("Dedication shall be clearly shown on the final plat."). Nowhere do the short plats indicate any intent to create a public road. Thus, PR 134 is not a public highway. Therefore, RCW 36.75.080 does not apply.
¶ 18 Finally, the Blairs contend they will be landlocked if they cannot access PR 134 because the Little Easement contains multiple obstructions, such as trees, fences and a garage. In Washington, landlocked land may not be rendered useless, and the landlocked landowner is entitled to the beneficial uses of the land. Hellberg v. Coffin Sheep Co., 66 Wash.2d 664, 666-67, 404 P.2d 770 (1965). But here, the record contains a declaration that the obstructions have been removed, except for the garage, which infringes 6 inches onto the 30-foot Little Easement. Since the Blairs may use the Little Easement for ingress and egress, their property is not landlocked. While legal remedies may exist to protect the Blairs' interests along the Little Easement, those matters are not before us in this appeal.
¶ 19 In sum, no genuine issues of material facts remain in dispute. PR 134 and the other access roads within Short Plats 1280, 1281, and 1282 are private. The trial court did not err in so finding and granting the Bunnells' request for partial summary judgment. Because they have not prevailed neither below nor on appeal, the Blairs attorney fee requests are denied.
¶ 20 Affirmed.
WE CONCUR: SCHULTHEIS, J., and THOMPSON, J. Pro Tem.
NOTES
[1] The order favored Ronald and Susan Bunnell and Ms. Bunnell's mother, Paula Mauldin; Robert and Jeanne Blahut; Jerome and Jacquie Kovatovich; Allan and Joanne Pfiffner; Ken and Karen Pitman; Fred and Tanya Muller; and Dan and Heidi DeVriend (collectively referred to as the Bunnells).
[2] One plaintiff is Ms. Bunnell's mother. The Blairs contend she lacks standing because she is not a property owner. However, she lives on the Bunnells' property and had their permission to build a home there. Her rights, status or other legal relations are affected by the use of the access roads in question. Grant County Fire Prot. Dist. No. 5 v. City of Moses Lake, 150 Wash.2d 791, 802, 83 P.3d 419 (2004) (citing RCW 7.24.020 (relating to personal standing to seek a declaratory judgment)).