[No. 26268-5-III. Division Three. July 15, 2008.]

THE CITY OF SPOKANE VALLEY, *Appellant*, v. SPOKANE COUNTY ET AL., *Respondents*.

*Michael F. Connelly, City Attorney*, and *Cary P. Driskell, Deputy*, for appellant.

*Steven J. Tucker, Prosecuting Attorney*, and *David W. Hubert, Deputy*, for respondents.

*Daniel B. Heid* on behalf of City of Auburn, amicus curiae.

¶1 Kulik, A.C.J. — Under RCW 35.02.180, "[t]he owner-ship of all county roads located within the boundaries of a newly incorporated city or town shall revert to the city or town and become streets as of the official date of incorpo-ration." In 1980, Spokane County (County) purchased the Milwaukee Railroad Right of Way (right-of-way), which is located partially within what is now the city of Spokane Valley (City). In 1994, the County, by resolution, dedicated the property for public road purposes. The County con-structed a road on one portion of the right-of-way, while the other portion of the right-of-way remained unimproved.

¶2 When the City incorporated, the improved right-of-way reverted to the City pursuant to RCW 35.02.180. The City then filed this action seeking to quiet title in the unimproved right-of-way. The trial court granted summary judgment in favor of the County, concluding that the unimproved right-of-way was not a county road for pur-poses of RCW 35.02.180 because this portion of the right-of-way had never been open as a matter of right to public vehicular travel. We hold that the unimproved right-of-way was not a county road and, thus, did not revert to the City under RCW 35.02.180. Additionally, we hold that the dedi-cation was not vacated under RCW 36.87.090. Accordingly, we affirm the trial court in part and reverse in part.

## FACTS

¶3 The following facts are undisputed. In 1980, the County purchased property referred to as the "Milwaukee Railroad Right of Way." This property is located within the County and is partially within what is now the City.

¶4 In 1994, the County adopted a resolution dedicating the right-of-way for county road purposes. In 2001, the

County constructed a road on the portion of the right-of-way between Dishman-Mica Road and University Road. In 2003, this portion of the right-of-way was transferred to the City pursuant to RCW 35.02.180. The improved portion of the right-of-way is not the subject of this lawsuit.

¶5 The portion of the right-of-way at issue here was, and remains, unimproved.[1] Portions of this right-of-way are impassable due to piles of rocks. Vehicular travel is prohibited from using the right-of-way without special permission. Most intersections in the right-of-way have signs limiting use to authorized vehicles. The County authorized Avista Corporation, a utility company, and others to temporarily use portions of the right-of-way.

¶6 The City filed a complaint for declaratory judgment and to quiet title, alleging that the right-of-way was transferred to the City by operation of RCW 35.02.180. The parties filed cross-motions for summary judgment.

¶7 The trial court granted summary judgment in favor of the County. The court concluded that the right-of-way had never been open as a matter of right to public vehicular travel. The court also concluded that the undisputed facts did not support the City's assertion that the right-of-way was a "county road" as defined in RCW 36.75.010(6). Consequently, the court further concluded that the right-of-way did not revert to the City by operation of RCW 35.02.180 when the City incorporated in 2003. Lastly, the trial court concluded that RCW 36.87.090 operated to vacate the dedication in 1994, precluding the right-of-way from becoming a county road for five years.

## ANALYSIS

■ ■ ¶8 When reviewing an order of summary judgment, this court engages in the same inquiry as the trial court. *Wilson v. Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982). All facts and inferences are considered in the

---

[1] Hereinafter, "right-of-way" refers only to the unimproved and disputed portion.

light most favorable to the nonmoving party. *Yakima Fruit & Cold Storage Co. v. Cent. Heating & Plumbing Co.*, 81 Wn.2d 528, 530, 503 P.2d 108 (1972). Summary judgment should be granted only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); *Wilson*, 98 Wn.2d at 437. Here, the facts are undisputed, and we review the construction of the statute de novo. *State v. Keller*, 143 Wn.2d 267, 276, 19 P.3d 1030 (2001).

## CHARACTERIZATION OF RIGHT-OF-WAY

 ¶9 RCW 35.02.180 provides, in part, "The ownership of all *county roads* located within the boundaries of a newly incorporated city or town shall revert to the city or town and become streets as of the official date of incorporation." (Emphasis added.)

¶10 The definition of "county road" is not found in RCW 35.02.180 or chapter 35.02 RCW. As a result, a definition must be found in a statute or elsewhere. *See Cobra Roofing Servs., Inc. v. Dep't of Labor & Indus.*, 157 Wn.2d 90, 99, 135 P.3d 913 (2006). Statutory definitions must be applied before definitions from other sources. *In re F.D. Processing, Inc.*, 119 Wn.2d 452, 457-58, 832 P.2d 1303 (1992); *Am. Legion Post No. 32 v. City of Walla Walla*, 116 Wn.2d 1, 10, 802 P.2d 784 (1991).

¶11 The applicable definition of "county road"[2] is found in RCW 36.75.010(6). Chapter 36.75 RCW deals with, among other things, the manner by which county roads "shall be established, laid out, constructed, altered, repaired, improved, and maintained by the legislative authority of the respective counties as agents of the state." RCW 36.75.020.

¶12 The definition of "county road" set forth in RCW 36.75.010(6) reads, "every highway or part thereof, outside

---

[2] Other definitions of "county road" or "highway" are not applicable here: RCW 47.04.010(9), dealing with public highways and transportation; RCW 46.04.150, dealing with motor vehicles; and RCW 82.38.020(11) and former RCW 82-.36.010(10) (2001), which deal with fuel taxes.

the limits of incorporated cities and towns and which has not been designated as a state highway." The word "highway" is defined in RCW 36.75.010(11) as "every way, lane, road, street, boulevard, and every way or place in the state of Washington open as a matter of right to public vehicular travel both inside and outside the limits of incorporated cities and towns."

¶13 The question here is whether the right-of-way meets the definition of a "highway." If the right-of-way meets the definition of highway contained in RCW 36-.75.010(11), then the right-of-way is a county road. If the right-of-way was a county road within the City's limits when the City incorporated, then ownership of the right-of-way reverted to the City under RCW 35.02.180. If the right-of-way was not a county road on the date of incorporation, the right-of-way remains in the possession of the County.

¶14 The language of a statute must be read in context with the entire statute and construed in a manner that is consistent with the general purposes of the statute. *Nationwide Papers, Inc. v. Nw. Egg Sales, Inc.*, 69 Wn.2d 72, 76, 416 P.2d 687 (1966). "[I]f the statute's meaning is plain on its face, then the court must give effect to that plain meaning as an expression of legislative intent." *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9-10, 43 P.3d 4 (2002).

¶15 Statutes must be read so that each word is given effect and no portion of the statute is rendered meaningless or superfluous. *Whatcom County v. City of Bellingham*, 128 Wn.2d 537, 546, 909 P.2d 1303 (1996). If a statute is unambiguous, its meaning must be derived from the wording of the statute. *State v. Lee*, 96 Wn. App. 336, 341, 979 P.2d 458 (1999). Statutes must be construed to avoid absurd results. *State v. J.P.*, 149 Wn.2d 444, 450, 69 P.3d 318 (2003) (quoting *State v. Delgado*, 148 Wn.2d 723, 733, 63 P.3d 792 (2003)).

¶16 The definition of "highway" contained in RCW 36.75.010(11) can be divided into four parts: (1) every way,

lane, road, street, boulevard, and every way or place in the state of Washington (2) open (3) as a matter of right (4) to vehicular travel both inside and outside the limits of incorporated cities and towns. We examine each part of the definition.

¶17 *Every Way or Place.* RCW 36.75.010(11) provides that a highway is "every way, lane, road, street, boulevard, and every way or place in the state of Washington." The County argues that the right-of-way is not a "highway" because it is not an improved road open to vehicular travel.

¶18 The language found in the first part of RCW 36.75-.010(11) does not support the County's position. While the statute includes roads that are likely to be improved, such as "road, street, [and] boulevard," the statute also lists roads that may be unimproved, such as "way," "lane," and "place." Simply put, the first part of the definition does not require that a highway must be an improved road.

¶19 *Open.* RCW 36.75.010(11) provides that a highway is "open." The statute must be read to give meaning to each word. The word "open" is not defined in the statute so we must use its ordinary meaning. "Open" is defined in *Webster's* as "so arranged or governed as to permit ingress, egress, or passage: as **a** : having no enclosing or confining barrier : free from fences, boundaries, or other restrictive margins . . . **b** (1) : adjusted in a position that permits passage : not shut or fast." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1579 (1993).

¶20 The use of the word "open" in RCW 36.75.010(11) means that a highway must be a *passable* "way, lane, road, street, boulevard, and every way or place" *with no barriers.* Here, the right-of-way is not an open way because it is not passable and there are barriers restricting passage.

¶21 *As a Matter of Right.* RCW 36.75.010(11) provides that a highway must be "open as a matter of right." The phrase "as a matter of right" helps describe the word "open." The word "as" means "to which (degree or amount) . . . in or to the same degree in which." WEBSTER'S, *supra*, at 125. The

most natural grammatical reading of this phrase is that the degree of openness is described by the phrase "as a matter of right." Accordingly, here, any "way or place" must be "open" to an enhanced degree because it must be "open as a matter of right."

¶22 The City maintains that the "open as a matter of right" requirement was met when the property was dedicated for public use. In the City's view, the right-of-way was "open as a matter of right" before it was constructed, regardless of whether it was passable or improved. In short, the City contends the right-of-way is a highway merely because it was dedicated.

¶23 In effect, the City uses the phrase "as a matter of right" to define the word "open" in a way that looks only at the legal right. Here, we must give meaning to each word, including the word "open." The phrase "as a matter of right" adds to, but does not replace, the word "open."

¶24 The phrase "open as a matter of right to public vehicular travel" is discussed in *Allemeier v. University of Washington*, 42 Wn. App. 465, 712 P.2d 306 (1985) and *Bunnell v. Blair*, 132 Wn. App. 149, 130 P.3d 423 (2006), *review denied*, 153 P.3d 195 (2007).

¶25 *Allemeier* involved a service road on the University of Washington campus. The road was routinely used by authorized vehicles and occasionally by unauthorized vehicles. *Allemeier*, 42 Wn. App. at 468. The court concluded the road was not a highway because it was not " 'open as a matter of right to public vehicular travel'." *Id.* at 470 (quoting former RCW 47.04.010(26) (1975)).

¶26 The road in *Bunnell* was within a plat, not, as here, owned by the county outside a plat. When the plat was filed with the county, the plat did not dedicate the road within the plat for public use. *Bunnell*, 132 Wn. App. at 150-51. Even though the road was used by property owners in the plat, and by the public, the court concluded that the public had no right to travel on the road because the plat did not specifically dedicate the road to public use. *Id.* at 153-54.

The court also concluded that the road was not open to the public. *Id.* Hence, the road was held to be a private road, not a highway, because it was open to vehicular travel but not open to the public. *Id.*

¶27 In *State ex rel. Oregon-Washington Railroad & Navigation Co. v. Walla Walla County*, 5 Wn.2d 95, 98, 104 P.2d 764 (1940) (quoting Rem. Rev. Stat. § 10511), the court considered the meaning of a different statute which defined "highway" as roads " 'actually open and in use, or to be opened and used, for travel by the public.' " The court concluded that open to the public is characterized by whether " 'all the people have the right to use it.' " *Id.* at 101 (quoting *State ex rel. Chi., Milwaukee & Puget Sound Ry. v. Pub. Serv. Comm'n*, 77 Wash. 529, 544, 137 P. 1057 (1914)).

¶28 These cases considered roads that were passable to vehicular travel. Consequently, these courts held that passable roads either were or were not available to the public as a matter of right. Here, the City argues that a county road must be dedicated but need not be constructed or passable. But this argument ignores the requirement that the road must be open.

¶29 The City also relies on an attorney general opinion to support its position. The attorney general stated:

> When the county commissioners by appropriate action approve a proposed plat without reservation concerning the roads designated therein, those roads become county roads.
>
> . . . .
>
> As a completed dedication will make the subject roads available to public vehicular travel as a matter of right, said roads would come within the definition of a public highway [and] must necessarily then be county roads.

1952 Op. Att'y Gen. No. 51-53-307. But the attorney general was considering dedicated roads included in a plat, not the situation here where the road was outside the plat.

¶30 *To Vehicular Travel.* The phrase "to public vehicular travel" is a prepositional phrase linked to the word "open." Just as the road must be "open as a matter of right," the

road also must be "open . . . to public vehicular travel." Here, the right-of-way is not open to vehicular travel.

¶31 In summary, the right-of-way is not open as a matter of right to vehicular travel and is, therefore, not a "highway" or "county road." Because the right-of-way was not a county road, it did not revert to the City under RCW 35.02.180.

## VACATION OF DEDICATION

██ ██ ¶32 The trial court also concluded that the right-of-way was unopen and vacated as a matter of law under RCW 36.87.090. In other words, the court concluded that the operation of RCW 36.87.090 vacated the 1994 dedication of the right-of-way and precluded the establishment of the right-of-way as a county road for five years.

¶33 RCW 36.87.090 reads:

*Any county road, or part thereof, which remains unopen for public use for a period of five years* after the order is made or authority granted for opening it, *shall be thereby vacated*, and the authority for building it barred by lapse of time: PROVIDED, That *this section shall not apply* to any highway, road, street, alley, or other public place dedicated as such in any plat, whether the land included in such plat is within or without the limits of an incorporated city or town, *or to any land conveyed by deed to the state* or to any county, city or town for highways, roads, streets, alleys, or other public places.

(Emphasis added.)

¶34 First, RCW 36.87.090 does not apply because the right-of-way is not a "county road." Second, in 1980, the County purchased the property by deed. As a result, this property fits within the exception under RCW 36.87.090. The trial court erred by concluding that the dedication was vacated.

¶35 In conclusion, we hold that the right-of-way does not meet the definition of "county road" and, thus, did not revert to the City under RCW 35.02.180. Additionally, we

hold that the right-of-way falls within the exemption under RCW 36.87.090 for properties purchased by deed. Thus, the trial court erred by concluding that the dedication was vacated. Accordingly, we affirm the trial court in part and reverse in part.

BROWN, J., and THOMPSON, J. PRO TEM., concur.

Review denied at 165 Wn.2d 1024 (2009).